UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
: 
:
SONG-A-TRON MUSIC, CAPTAIN           :
KEYBOARD LLC, ALLEN GEORGE, STEN     :
HALLSTRÖM A/K/A STONEBRIDGE and      :   **Index No.**
THE ESTATE OF FREDERICK              :
MCFARLANE,                           :
                                     :
         Plaintiffs,                 :   **COMPLAINT**
                                     :
      v.                             :
                                     :
CHRISTIAN JONES A/K/A TEEFLII,       :
TAUHEED EPPS A/K/A 2 CHAINZ, DIJON   :
MCFARLANE A/K/A DJ MUSTARD,          :
MIKELY ADAM A/K/A MIKE FREE A/K/A    :
DJ KETCHUP, TY EPPS MUSIC,           :
RESERVOIR MEDIA MANAGEMENT INC.      :
A/K/A RESERVOIR MEDIA MUSIC,         :
EXSCUSE MY LIQUOR MUSIC, MUSTARD     :
ON THE BEAT PUBLISHING, PEERMUSIC    :
III LTD, SONGS OF KOBALT MUSIC PUB,  :
KOBALT MUSIC PUBLISHING AMERICA      :
INC. and SONY MUSIC ENTERTAINMENT    :
INC.,                                :
                                     :
         Defendants,                 :
--------------------------------------------------------- X

## INTRODUCTION

1.      This is an action for willful copyright infringement brought by owners of the

copyright in the musical composition "Back It Up," a song performed by Robin Stone a/k/a

Robin S. on her 1993 album "Show Me Love," against the writers, publishers and record labels

associated with the 2014 release of "24 Hours," a song that copies the dominant musical theme

from "Back It Up" and takes it as its own.

2.      "24 Hours" was released in 2014 on Defendant Christian Jones a/k/a TeeFLii's

("TeeFLii") album entitled "Starr."  Defendants TeeFLii, Tauheed Epps a/k/a 2 Chainz ("2

Chainz"), Dijon McFarlane a/k/a DJ Mustard ("DJ Mustard"), and Mikely Adam a/k/a Mike Free

a/k/a DJ Ketchup ("DJ Ketchup"), are credited as the writers of "24 Hours." The album was published by Defendant Ty Epps Music ("Epps Music"), which appears to be an affiliate or imprint of Defendant Reservoir Media Music a/k/a Reservoir Media Management Inc. ("Reservoir"). The album was released by Defendant Sony Music Entertainment Inc. ("Sony Music") on its Epic Records label.

3.      The official music video for "24 Hours" has been viewed on YouTube 25,529,236 times as of March 25, 2019. The song has been streamed on Spotify 27,049,457 times as of that same date.

4.      "24 Hours" is an obvious, knowing, willful infringement of "Back It Up." Defendants either copied, or reproduced, the dominant theme from "Back It Up," and coopted it as the main theme for "24 Hours," with minor modifications and a tempo change.

5.      The two musical lines are nearly identical, making the two songs substantially similar, and leading to the inescapable conclusion of willful copyright infringement. Plaintiffs bring this action for copyright infringement under 17 U.S.C.§101, 501 *et seq.,* arising from the Defendants' unauthorized reproduction, distribution and/or public performance of the infringing composition.

## JURISDICTION

6.      The Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et. seq.* Federal Courts have exclusive jurisdiction over such claims pursuant to 28 U.S.C. § 1331.

7.      This Court has personal jurisdiction over Defendants Epps Music, Reservoir, Exscuse[1] My Liquor Music ("Exscuse"), Mustard On The Beat Publishing ("Mustard

---

[1] The spelling "Exscuse" is as reflected in the BMI database, although that may be a typographical error.

Publishing"), Peermusic III Ltd ("Peermusic"), Songs of Kobalt Music Pub ("Kobalt"), Kobalt Music Publishing America Inc. ("Kobalt America") and Sony Music because they are all based in New York, New York or have appointed other New York-based Defendants as their agents or points of contact.

8.      This Court has personal jurisdiction over all of the Defendants because (i) they have directed their activities and marketing of the infringing work to New York residents, (ii) New York residents are able to purchase, download, and stream the infringing compositions and recordings; (iii) Defendants have engaged in systematic and continuous business activities relating to the infringing work; and (iv) Defendants, individually and collectively, have generated substantial revenue from the exploitation of the infringing work in New York.

9.      Venue is proper in this Judicial District pursuant to 28 U.S.C §1391(b), §1391(c), and §1400(a), respectively, because all of the corporate Defendants reside in this Judicial District.

## PARTIES

10.      Plaintiff Allen George ("George") is an individual and one of the three composers of "Back It Up," along with Plaintiff Sten Hallström a/k/a Stonebridge ("Stonebridge") and Frederick McFarlane ("McFarlane"), whose interests are represented herein by The Estate of Frederick McFarlane ("McFarlane Estate").[2] George owns 1/3 of the writer's share of the composition.  He resides in New Jersey.

11.      Plaintiff Sten Hallström a/k/a Stonebridge is one of the three composers of "Back It Up."  Stonebridge owns 1/3 of the writer's share of the composition.  He resides in Sweden.

12.      Frederick McFarlane was one of the three composers of "Back It Up."  He passed

---

[2] Upon information and belief, Frederick McFarlane was not related to Defendant Dijon Mcfarlane a/k/a DJ Mustard.

away in 2016. Plaintiff The Estate of Frederick McFarlane represents his interests in the copyright. The McFarlane Estate owns 1/3 of the writer's share of the composition. It resides in New Jersey.

13.     Plaintiff Song-A-Tron is a partnership whose original members were George and McFarlane. It is one of two copyright claimants listed on the copyright registration (the other being EMI Blackwood Music, Inc. ("EMI Blackwood")). Song-A-Tron's current members are George and Stonebridge. Song-A-Tron originally owned 1/2 of the publisher's share of the composition. Following McFarlane's death, the McFarlane Estate separated its interests from Song-A-Tron, and formed a new entity, Captain Keyboard LLC, to hold those interests. Song-A-Tron now owns 1/4 of the publisher's share of the composition. Song-A-Tron resides in New Jersey.

14.     Captain Keyboard LLC is a New Jersey Limited Liability Company whose members are the heirs of Frederick McFarlane. The McFarlane Estate formed Captain Keyboard following the death of Frederick McFarlane, to separate his interests from those of Song-A-Tron on a going forward basis. Captain Keyboard owns 1/4 of the publisher's share of the composition. It resides in New Jersey.

15.     Defendant Christian Jones a/k/a TeeFLii is an individual and one of the credited composers, and one of the credited performers, of "24 Hours." Upon information and belief, TeeFLii resides in California.

16.     Defendant Tauheed Epps a/k/a 2 Chainz is an individual and one of the credited composers, and one of the credited performers, of "24 Hours." Upon information and belief, 2 Chainz resides in California.

17.     Defendant Dijon Mcfarlane a/k/a DJ Mustard is an individual and one of the

4

credited composers of "24 Hours." Upon information and belief, DJ Mustard resides in California.

18.     Defendant Mikely Adam a/k/a Mike Free a/k/a DJ Ketchup is an individual and one of the credited composers of "24 Hours." Upon information and belief, DJ Ketchup resides in California.

19.     Defendant Ty Epps Music is a credited publisher of "24 Hours," according to the ASCAP Repertory database. Upon information and belief, Epps Music resides in New York, New York and is contacted through Defendant Reservoir.

20.     Defendant Reservoir Media Management Inc. a/k/a Reservoir Media Music is a Delaware corporation authorized to do business in New York, and is the point of contact for Defendant Epps Music, according to the ASCAP ACE Repertory database. Upon information and belief, Reservoir resides in New York, New York.

21.     Defendant Exscuse My Liquor Music is a credited publisher of "24 Hours," according to the BMI Repertoire database. Upon information and belief, Exscuse resides in New York, New York and is contacted through Defendant Peermusic in New York, New York.

22.     Defendant Mustard On The Beat Publishing is a credited publisher of "24 Hours," according to the BMI Repertoire database. Upon information and belief, Mustard Publishing is owned by Defendant DJ Mustard resides in California, and is contacted through Defendant Kobalt Music Publishing America Inc.

23.     Defendant Peermusic III Ltd. is a Delaware corporation and a credited publisher of "24 Hours," according to the BMI Repertoire database. Peermusic resides in New York, New York.

24.     Defendant Songs of Kobalt Music Pub is a credited publisher of "24 Hours,"

according to the BMI Repertoire database.  Upon information and belief, Kobalt is based in

London, UK, and is contacted through Defendant Kobalt Music Publishing America Inc.

("Kobalt America"), in New York, New York.

25.     Defendant Kobalt Music Publishing America Inc. is a Delaware corporation and a

music publisher and the point of contact for Defendant Kobalt, according to the BMI Repertoire

database.  Kobalt America resides in New York, New York.

26.     Defendant Sony Music Entertainment Inc. is a Delaware general partnership and

the record company that released "24 Hours" through its wholly-owned record label, Epic

Records.  Sony Music resides in New York, New York.

## FACTS

27.     The musical composition "Back It Up" was written by Allen George, Frederick

McFarlane and Sten Hallström a/k/a Stonebridge, and recorded by Robin Stone a/k/a Robin S.

and released on her album "Show Me Love" by Big Beat/Atlantic Records, all in 1993.

Copyright registration PA0000752572 covers the "Back It Up" composition.  It lists "EMI

Blackwood Music, Inc., Song-a-Tron Music" as Copyright Claimants, and "Allen George,

Stonebridge, Fred McFarlane" as authors for words and music.  By operation of contract and

other corporate changes, the rights in the composition are held today as follows:

| Writer's Share of Composition | George | 1/3 |
|---|---|---|
| | Stonebridge | 1/3 |
| | McFarlane Estate | 1/3 |
| Publishers' Share of Composition | Song-A-Tron (George) | 1/4 |
| | Captain Keyboard (McFarlane Estate) | 1/4 |
| | EMI Blackwood | 1/2 |

28.     "24 Hours" infringes the composition of "Back It Up."  This case seeks damages

for Defendants' willful copyright infringement.

**Musical Theme Comparison**

29.     "Back It Up" is notable for its dominant musical theme that plays through almost the entire song and is comprised of the following alternating sequences of notes played out across four measures (with the variations shown in yellow):

    a.   Back It Up Seq. 1: E-E-E-D#-D#-D#-F#-G#-G#-==G#==-G#-B-B-G#

    b.   Back It Up Seq. 2: E-E-E-D#-D#-D#-F#-G#-G#-==F#-G#-F#==-G#-B-B-G#

30.     "24 Hours" is also dominated by a two-variation musical theme, played in the same key as "Back It Up," also across four measures, although at a slower tempo.  The "24 Hours" alternating note sequences are as follows:

    a.   24 Hours Seq. 1: E-E-E-D#-D#-==D#==-F#-G#-G#-F#-G#-F#-G#-B-B-G#-F#

    b.   24 Hours Seq. 2: E-E-E-D#-D#-==E==-F#-G#-G#-F#-G#-F#-G#-B-B-G#-F#

31.     The "Back It Up" and "24 Hours" sequences are almost identical, as seen in this comparison of the second sequence of "Back It Up" and the first sequence of "24 Hours" (with the sole variation shown in yellow):

    a.   Back It Up Seq. 2: E-E-E-D#-D#-D#-F#-G#-G#-F#-G#-F#-G#-B-B-G#

    b.   24 Hours Seq. 1:   E-E-E-D#-D#-D#-F#-G#-G#-F#-G#-F#-G#-B-B-G#-==F#==

32.     Indeed, these two note sequences <u>across</u> the infringed and infringing works share more in common than each of the pairs of variations <u>within</u> each of the infringed and infringing works.

33.     "24 Hours" copies the composition of the "Back It Up" musical theme and employs one which is beyond a shadow of a doubt substantially similar to its 1993 predecessor composition.

**Lack of Any "Prior Art" to "Back It Up"**

34.      In addition to the foregoing musical similarities between the two songs, the "Back It Up" musical theme was conceived of by that song's writers, who did not copy the musical theme from some previous composition or recording.  Upon information and belief, no other composition or recording released before "Back It Up" shares that song's musical theme or any musical sequence substantially similar to it.

**Defendants Had Access to "Back It Up"**

35.      Defendants' access to Plaintiffs' work is beyond challenge, as Robin S. is a well-known American house music singer and songwriter.  "Back It Up" appeared on the "Show Me Love" album, which was released on Big Beat/Atlantic Records.  The album remained on the Billboard 200 chart for 110 weeks.  The "Show Me Love" title track was #1 on the Hot Dance Music/Club Play chart, #1 on the Hot Dance Singles Sales chart, #7 on the Hot R&B/Hip-Hop Singles and Tracks chart, #5 on the Billboard Hot 100 chart, and #4 on the Rhythmic Top 40 chart.  In 1994, Robin S. performed on the American Music Awards and had significant successes after "Show Me Love."

36.      To date, each of the Defendants reproduced, distributed, publicly performed, and/or authorized the reproduction, distribution, and public performance of the infringing composition and sound recording "24 Hours" and each of the Defendants continues to infringe the composition of "Back It Up".

**FIRST CAUSE OF ACTION**
**(Willful Copyright Infringement – 17 U.S.C.  § 101, *et seq.*)**

37.      Plaintiffs repeat and reallege each of the foregoing Paragraphs as though fully set forth herein.

38.      The Defendants' reproduction, distribution, and public performances of the

8

infringing work, "24 Hours" continues to this day, and Defendants have compensated or offered to compensate Plaintiffs for their use of the copyrighted work "Back It Up" in "24 Hours". The Defendants' reproduction, distribution, public performance, streaming, concerts, merchandizing, synchronization, licensing and economic exploitation of "24 Hours", and authorizing others to do the same, infringes Plaintiffs' exclusive rights under the Copyright Act.

39.   The conduct of the Defendants is knowing and willful.

40.   As a direct and/or proximate result of the Defendants' wrongful conduct, the Plaintiffs have been irreparably harmed, suffered damage, and Defendants have profited in an amount to be determined at trial.

41.   One or more of the Defendants infringed on Plaintiffs' exclusive copyrights in "Back It Up" when they distributed and sold sound recordings, including compact discs, phonorecords, digital downloads, licenses, streaming, ringtones, ringbacks, and all other economic exploitation and video recordings, embodying "24 Hours." Such reproduction and release was wholly unauthorized, as it was without any license or consent of authority from the Plaintiffs. By virtue of this unauthorized commercial exploitation, Defendants have realized illegal revenues.

42.   The Defendants infringed Plaintiffs' exclusive copyrights in "Back It Up" when they issued and/or authorized others to issue licenses to third parties for the use, publication, and exploitation of "24 Hours". Said licenses were issued without any consent or authority from the copyright owners of "Back It Up," from which "24 Hours" was substantially copied. By virtue of this unauthorized commercial exploitation, Defendants have realized illegal revenues.

43.   As a direct and/or proximate result of the Defendants' infringement on Plaintiffs' exclusive copyrights in "Back It Up," Plaintiffs have suffered substantial damages. Said injuries

are continuing and will not abate in the future.

44.    Pursuant to 17 U.S.C. § 504(c), the Plaintiffs are entitled to statutory damages

because the infringement occurred after the copyrights were registered.

**WHEREFORE,** Plaintiffs respectfully request that judgment be entered against the

enumerated Defendants, as follows:

A.    For judgment that Defendants have violated the Copyright Act and that all such violations have been willful; and

B.    For judgment assessing Defendants for the damages in amounts to be determined at trial, but which are estimated to exceed $10 million dollars, including an award of actual damages and Defendants' profits attributable to the infringement, or statutory damages (at Plaintiffs' election) under the Copyright Act, as well as costs and attorney's fees to the full extent provided for by Sections 501, 504 and 505 of the Copyright Act, 17 U.S.C. §§ 501, 504 and 505; damages and profits shall include all profits and damages resulting from exploitation of the work, as well as any and all profits and damages of any kind arising therefrom; and

C.    For judgment granting such other, further, and different relief as to the Court may seem just and proper, including Plaintiffs' costs and reasonable attorneys' fees.

**<u>REQUEST FOR TRIAL BY JURY</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues triable by jury, as enumerated and set forth in more detail in this Complaint.

Dated: New York, New York
        April 2, 2019

                                        PARNESS LAW FIRM, PLLC

                                        By:_____/s/ Hillel I. Parness_____
                                        Hillel I. Parness
                                        136 Madison Ave., 6th Floor
                                        New York, New York  10016
                                        (212) 447-5299
                                        hip@hiplaw.com
                                        *Attorneys for Plaintiffs*